UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN IZAGUIRRE and JUAN MORALES, individually and on behalf of all other persons similarly situated who were employed by SEACOAST CONSTRUCTION, INC., SHORELINE CONTRACTORS, INC., and/or any other entities affiliated with, controlling, or controlled by SEACOAST CONSTRUCTION, INC., SHORELINE CONTRACTORS, INC., and LICINIO PEDREIRO, BRIAN PEDREIRO, and ISABEL PEDREIRO aka MARIA PEDREIRO Individually, <br><br> Plaintiffs, <br><br> vs. <br><br> SEACOAST CONSTRUCTION, INC., SHORELINE CONTRACTORS, INC., and/or any other entities affiliated with, controlling, or controlled by SEACOAST CONSTRUCTION, INC., SHORELINE CONTRACTORS, INC., and LICINIO PEDREIRO, BRIAN PEDREIRO and ISABEL PEDREIRO aka MARIA PEDREIRO Individually, <br><br> Defendants. | **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> Case No.: <br><br><br> **Jury Trial Demanded** |

Plaintiffs, EDWIN IZAGUIRRE ("Izaguirre") and JUAN MORALES ("Morales") (collectively "Named Plaintiffs"), by and through their attorneys, upon personal knowledge as to themselves and upon information and belief as to other matters alleged, bring this Action against Defendants SEACOAST CONSTRUCTION, INC. ("Seacoast"), SHORELINE CONTRACTORS, INC. ("Shoreline"), and all other affiliated entities and/or joint employers, (collectively "corporate Defendants"), and LICIANO PEDREIRO, individually ("Liciano")

1

BRIAN PEDREIRO, individually ("Brian"), and ISABEL PEDREIRO aka MARIA PEDREIRO, Individually ("Isabel") (collectively "Individual Defendants") (collectively the Corporate Defendants and the Individual Defendants are referred to as the "Defendants") and allege as follows:

## PRELIMINARY STATEMENT

1. This action is brought on behalf of Named Plaintiffs and a putative class of individuals (collectively "Plaintiffs") who worked as masons, laborers, and in other construction-related trades for Seacoast, Shoreline, and/or any other entities affiliated with, controlling, or controlled by the Corporate Defendants, and Licinio Pedreiro, Brian Pedreiro, and Isabel Pedreiro, individually, to recover statutory wage and overtime payments, payment for unpaid supplemental benefits that Named Plaintiffs and the members of the putative class were statutorily and contractually entitled to receive for work they performed on numerous privately financed projects (hereinafter referred to as the "Private Projects") and publicly financed projects (the "Public Works Projects") pursuant to contracts with various government entities ("Government Entities"). The Government Entities *include but are not limited to* the following: Freehold Township, Pemberton Township, Highlands Township, Burlington Township, Sayreville Township, and Monroe Township. The Public Works Projects were undertaken and performed by the Corporate Defendants in accordance with the terms and conditions of certain "Public Works Contracts" entered into with the Government Entities between November 2014, and the present.

2. Named Plaintiffs bring this lawsuit, individually, and on behalf of similarly situated employees, seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL"), and the New Jersey State

2

Prevailing Wage Act., N.J.S.A. 34:11-56.25 et seq. ("NJPWA").

3. Plaintiffs bring this lawsuit against Defendants as non-exempt mason and associated construction laborers, who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b) and the class action provisions of Rule 23, Fed.R.Civ.P, the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL"), and the New Jersey State Prevailing Wage Act., N.J.S.A. 34:11-56.25 et seq. ("NJPWA") pursuant to the class action provisions of New Jersey Court R. 4-32.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

5. This Court has subject matter jurisdiction over Plaintiffs' NJWHL, and NJPWA claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. At all times material hereto, Plaintiffs performed non-exempt mason and other construction labor duties for the Defendants in New Jersey and in several other states in the country.

8. The Corporate Defendants are headquartered in East Brunswick, New Jersey and are therefore within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, Seacoast is an enterprise which is engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Seacoast routinely purchases materials and products from

out of state, these products which are delivered through the channels of interstate commerce. Seacoast routinely performs construction work in New Jersey and at times in surrounding states and therefore uses the channels of interstate commerce to perform its jobs. Seacoast further routinely accepts credit card payments, which involve interstate business and financing transactions.

10.  At all times pertinent to this Complaint, Shoreline is an enterprise which is engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Shoreline routinely purchases materials and products from out of state, these products which are delivered through the channels of interstate commerce. Shoreline routinely performs construction work in New Jersey and at times in surrounding states and therefore uses the channels of interstate commerce to perform its jobs. Shoreline further routinely accepts credit card payments, which involve interstate business and financing transactions.

11.  Defendants Shoreline and Seacoast are joint employers of Plaintiffs within the meaning of 29 C.F.R. §791. More specifically, Plaintiffs were interviewed and hired by managers of both Seacoast and Shoreline. Furthermore, Plaintiffs pay rates were approved by both Seacoast and Shoreline managers. Plaintiffs were also supervised by both Seacoast and Shoreline representatives. Finally, Plaintiffs were paid by both Seacoast and Shoreline.

12.  In addition to Defendants being engaged in interstate commerce, Plaintiffs worked in interstate commerce, i.e., using the tools and products which have moved through interstate channels so as to produce an end product for Defendants' consumers. Further, Plaintiffs worked in interstate commerce, performing their job duties in various states throughout the eastern United States.

13. Thus, the Corporate Defendants and Plaintiffs fall within the protections of the Act.

## PARTIES

14. Named Plaintiff Edwin Izaguirre is an adult individual who is a resident of South River, Middlesex County, New Jersey.

15. Named Plaintiff Juan Morales is an adult individual who is a resident of Old Bridge, Middlesex County, New Jersey.

16. Named Plaintiff Izaguirre was employed by Defendants full time as a mason laborer performing asphalt, concrete and landscaping work for Defendants from in or about February 2017, through in or about December 2019.

17. Named Plaintiff Morales was employed by Defendants full time as a mason laborer performing asphalt, concrete and landscaping work from in or about February or March 2019, through in or about early November, 2019.

18. Upon information and belief, Shoreline maintains a construction business, which is headquartered at 14 Addington Court, East Brunswick, New Jersey, and which operates throughout the State of New Jersey, as well as neighboring states in the Eastern United States.

19. Upon information and belief, Seacoast maintains a construction business, which is headquartered at 14 Addington Court, East Brunswick, New Jersey, and which operates throughout the State of New Jersey, as well as neighboring states in the Eastern United States.

20. Upon information and belief, at all times relevant to this Complaint, the Corporate Defendants employ individuals to perform labor services on behalf of the Defendants.

21. Upon information and belief, at all times relevant to this Complaint, each of the corporate Defendants' annual gross volume of sales made or business done was not

less than $500,000.00.

22. At all times relevant to this Complaint, Shoreline was and is an employer engaged in interstate commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

23. At all times relevant to this Complaint, Seacoast was and is an employer engaged in interstate commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

24. Upon information and belief, Individual Defendant Licinio is a New Jersey resident, residing at 14 Addington Court, East Brunswick, NJ, which is the Seacoast and Shoreline corporate headquarters. Individual Defendant Licinio has been an owner, partner, officer, and/or manager of the Defendant Seacoast and the Defendant Shoreline.

25. Upon information and belief, at all times relevant to this Complaint, individual Defendant Licinio has been an owner, partner, officer and/or manager of the Defendant Shoreline.

26. Upon information and belief, at all times relevant to this Complaint, individual Defendant Licinio has had power over personnel decisions at the Defendant Shoreline's business.

27. Defendant Liciano managed Shoreline's day to day operations, controlled their employees, their pay practices and had the power to change same, as well as had the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

28. Upon information and belief, at all times relevant to this Complaint, individual Defendant Licinio has been an owner, partner, officer and/or manager of the Defendant Seacoast.

29. Upon information and belief, at all times relevant to this Complaint, individual Defendant Licinio has had power over personnel decisions at the Defendant Seacoast's

business.

30. Defendant Liciano managed the day to day Seacoast operations, controlled the Seacoast employees, their pay practices and had the power to change same, as well as had the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

31. Upon information and belief, Individual Defendant Brian is a New Jersey state resident and has been an owner, partner, officer, and/or manager of the Defendant Seacoast and the Defendant Shoreline.

32. Upon information and belief, at all times relevant to this Complaint, individual Defendant Brian has been an owner, partner, officer and/or manager of the Defendant Shoreline.

33. Upon information and belief, at all times relevant to this Complaint, individual Defendant Brian has had power over personnel decisions at the Defendant Shoreline's business.

34. Defendant Brian managed the day to day operations of Shoreline, controlled the Shoreline employees, the Shoreline pay practices and had the power to change same, as well as had the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

35. Upon information and belief, at all times relevant to this Complaint, individual Defendant Brian has been an owner, partner, officer and/or manager of the Defendant Seacoast.

36. Upon information and belief, at all times relevant to this Complaint, individual Defendant Brian has had power over personnel decisions at the Defendant Seacoast's

business.

37. Defendant Brian managed the day to day operations of Seacoast, controlled the Seacoast employees, the pay practices and had the power to change same, as well as had the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

38. Upon information and belief, Individual Defendant Isabel is a New Jersey State resident and has been an owner, partner, officer, and/or manager of the Defendant Seacoast and Defendant Shoreline.

39. Upon information and belief, at all times relevant to this Complaint, individual Defendant Isabel has been an owner, partner, officer and/or manager of the Defendant Shoreline.

40. Upon information and belief, at all times relevant to this Complaint, individual Defendant Isabel has had power over personnel decisions at the Defendant Shoreline's business.

41. Defendant Isabel was present at the Shoreline headquarters every day, and managed the day to day operations, controlled the employees, the pay practices and had the power to change same, as well as had the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

42. Upon information and belief, at all times relevant to this Complaint, Individual Defendant Isabel has been an owner, partner, officer and/or manager of the Defendant Seacoast.

43. Upon information and belief, at all times relevant to this Complaint, individual Defendant Isabel has had the power over personnel decisions at the Defendants

Seacoast's business.

44. Defendant Isabel was present at the Seacoast headquarters every day, and managed the day to day operations, controlled the employees, the pay practices and had the power to change same, as well as had the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## CLASS AND COLLECTIVE ALLEGATIONS

45. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

46. This action is brought on behalf of Named Plaintiffs and a putative collective class consisting of similarly situated employees who performed work for Defendants.

47. The Named Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA by failing to provide all of the Plaintiffs' overtime wages, at the rate of one-and-one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

48. The FLSA action is properly maintainable as a collective action pursuant to 29 U.S.C. § 216(b).

49. Plaintiff's claims under the NJWHL and the NJPWA are properly maintainable as a class action pursuant to NJ Rules of Ct., Rule 4:3-2, and Rule 23 of the Federal Rules of Civil Procedure, as well as pursuant to N.J.S.A. §34:11-56.25a and N.J.S.A §34:11-56.40

50. The putative class is so numerous that joinder of all members is impracticable. During the relevant time period, the size of the putative class is believed to be in excess of 70 employees. In addition, the names of all potential members of the putative class are not known.

51. The claims of the Named Plaintiffs are typical of the claims of the putative class. The Named Plaintiffs and the putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned straight time wages, overtime wages, and prevailing wages. The Named Plaintiffs and the putative class members thus have sustained similar injuries as a result of Defendants' actions.

52. Upon information and belief, Defendants uniformly applied the same employment policies, practices, and procedures to all mason and associated construction laborers who work or worked at the Defendants' jobsites.

53. The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiffs have retained counsel experienced in complex wage and hour class and collective action litigation.

54. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiffs and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

55. A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

**FACTS**

56. Based upon the information preliminarily available, and subject to discovery in

this cause, the Defendants did not properly compensate Named Plaintiffs, and those similarly situated employees, for all straight time hours worked in a work week, for all overtime hours worked in a work week, and/or for all prevailing wage hours worked in a work week.

57. Named Plaintiff Izaguirre was an hourly employee and his hourly rate of pay was approximately $20.00 and then raised to $25.00 per hour for private jobs, and the statutory prevailing wage rate plus supplemental benefits for the prevailing wage jobs.

58. Named Plaintiff Izaguirre routinely worked five (5) days per week.

59. Named Plaintiff Izaguirre routinely worked approximately ten (10) hours per workday, from 7 a.m. until 5:30 p.m., excluding time spent driving Defendants' employees to the various jobsites and picking up tools and materials at Defendants' yard in Englishtown, New Jersey.

60. From approximately February, 2017, through approximately December, 2019, Named Plaintiff Izaguirre was not paid for all of his hours worked, whether he was working straight time, overtime, or a prevailing wage job.

61. Named Plaintiff Morales was an hourly employee and his hourly rate of pay was approximately $35.00 per hour for private jobs and the statutory prevailing wage rate plus supplemental benefits for the prevailing wage jobs.

62. Named Plaintiff Morales routinely worked five (5) days per week.

63. Named Plaintiff Morales routinely worked approximately ten (10) hours per workday, from 7 a.m. until 5:30 p.m., excluding time spent driving picking up Defendants' dump truck from Defendants' work yard in Englishtown, New Jersey, and driving it to and from the various jobsites.

64. From approximately February or March, 2019, through approximately early November, 2019, Named Plaintiff Morales was not paid for all of his hours worked, whether he was working straight time, overtime, or a prevailing wage job.

65. Defendants' foreman kept a daily log of the approximate time Named Plaintiffs and similarly situated employees spent on the job, rounding to ½ hour increments. This did not include Named Plaintiffs' travel time described above.

66. Defendants did not have an accurate and contemporaneous time keeping system to track employees' actual time worked.

67. Upon information and belief, during the time period at issue, employees similarly situated to Named Plaintiffs were also not compensated for all of their hours worked in a work week, whether straight time, overtime, or prevailing wage time was worked.

68. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

69. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

70. This cause of action is brought to recover from Defendants straight time compensation, overtime compensation, prevailing wage compensation, liquidated damages, treble damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL and the NJWPA, on behalf of Named Plaintiffs and all other current and former employees similarly situated during the material time.

71. The records, if any, concerning the compensation actually paid to Named Plaintiffs and all other similarly situated employees are in the possession and custody of Defendants.

72. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL and the NJWPA, in that Named Plaintiffs and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Named Plaintiffs and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked in work week, whether they were for time worked up to forty (40) hours in a work week, time worked in excess of forty (40) hours in a work week, or time worked on prevailing wage jobs in a work week.

73. Upon information and belief, pursuant to N.J. Stat. §§ 34:11-56.27; 34:11-56.28, each of the Public Works Contracts for work to be performed in New Jersey contained a provision specifying the prevailing wage rate to be paid to all workmen on the Public Works Projects and mandating the payment of same to Plaintiffs.

74. The "prevailing rate of wage" and "supplemental benefit" is the rate of wage and benefit paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector. See N.J. Stat. §§ 34:11-56.27; 34:11-56.28.

75. Upon information and belief, pursuant to N.J. Stat. §§ 34:11-56.27; 34:11-56.28, the prevailing wage rate must be paid to all workmen on Public Works Projects, such as those worked on by the Plaintiffs.

76. The additional persons who may become Plaintiffs in this action are Defendants' laborers who have worked on Defendants' jobsites, on or after December 16, 2014, and were not properly compensated for all hours worked.

77. Named Plaintiffs have retained the law office of Jaffe Glenn Law Group, P.A. to represent them individually and incurred attorneys' fees and costs in bringing this action. Pursuant

to 29 U.S.C. § 216(b), as well as relevant provisions of the NJWHL and NJPWA, Named Plaintiffs is entitled to recovery of reasonable attorneys' fees and costs.

78. Upon information and belief, pursuant to N.J. Stat. §§ 34:11-56.27; 34:11-56.28, each of the Public Works Contracts for work to be performed in New Jersey contained a provision specifying the prevailing wage rate to be paid to all workmen on the Public Works Projects and mandating the payment of same to Plaintiffs.

79. The "prevailing rate of wage" and "supplemental benefit" is the rate of wage and benefit paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector. See N.J. Stat. §§ 34:11-56.27; 34:11-56.28.

80. Upon information and belief, pursuant to N.J. Stat. §§ 34:11-56.27; 34:11-56.28, the prevailing wage rate must be paid to all workmen on Public Works Projects, such as those worked on by the Plaintiffs.

81. Upon information and belief, beginning in or about 2013, Defendants entered into a number of Public Works Contracts to perform, inter alia, demolition work, roofing work, and other related construction work with the Government Entities, or prime contractors, at the sites of the Public Works Projects.

82. Upon information and belief, a schedule of prevailing rates of wages and supplemental benefits ("Prevailing Wage Schedule") to be paid was annexed to and was made a part of each contract.

83. This promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the contracts between Defendants and the Government Entities and/or the prime contractors of record was made for the benefit of all workers furnishing labor on

14

the sites of the Public Works Projects and, as such, the workers furnishing labor on the sites of the Public Works Projects are the beneficiaries of that promise.

84. Upon information and belief, beginning in or about 2014, Defendants entered into a number of contracts to perform work on the Private Projects where payment of time and one-half an employee's regular hourly rate of pay was required for all hours worked in excess of 40 hours in a consecutive seven-day workweek.

85. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, NJWHL, and NJPWA as described in this Complaint.

86. At all times material hereto, Plaintiffs were performing their duties for the benefit of and on behalf of Defendants.

87. Plaintiffs have retained the law office of Jaffe Glenn Law Group, P.A. to represent them individually and has incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

88. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 87 above.

89. Plaintiffs are entitled to be paid additional compensation for each of their overtime hours worked per work period.

90. Defendants knowingly and willfully failed to pay Plaintiffs at one and one-half times their regular rate of pay for all of their overtime worked in a work week.

91. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiffs

have suffered damages plus incurring costs and reasonable attorneys' fees.

92. As a result of Defendants' willful violations of the Act, Plaintiffs are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

93. Plaintiffs re-allege and incorporate here by reference, all allegations contained in Paragraphs 1 through 92 above.

94. Defendants' aforementioned conduct is in violation of New Jersey Statutes §§ 34:11-56a4 et seq., the Defendants willfully failed to pay Plaintiffs their statutorily required overtime compensation for the time they worked in excess of forty hours a week for the Defendant Contractors on the New Jersey Public Works Projects and on the Private Projects.

95. As a direct and proximate cause of Defendants' actions, Plaintiffs suffered damages, including but not limited to past lost earnings.

## COUNT III
## RECOVERY OF PREVAILING WAGE COMPENSATION
## PURSUANT TO THE NJPWA

96. The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 95 hereof.

97. New Jersey Statute 34:11-56.40 provides that "if any workman is paid less than the prevailing wage to which such workman is entitled under the provisions of this act such workman may recover in a civil action the full amount of such prevailing wage less any amount actually paid to him or her by the employer, together with costs and such reasonable attorney's fees."

98. Defendants willfully paid Plaintiffs less than the prevailing rates of wages and

16

supplemental benefits to which Plaintiffs were entitled for the labor which they furnished to Defendants on the sites of the Public Works.

**COUNT IV**
**RECOVERY OF MONIES RECEIVED BY DEFENDANT**
**PURSUANT TO N.J.S.A. 2A:44-148**

99. The Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 98 hereof.

100. New Jersey Law imposes a trust on all monies "paid by the state of New Jersey or by any agency, commission or department thereof, or by any county, municipality or school district in the state, to any person pursuant to the provisions of any contract for any public improvement made between any such person and the state of New Jersey or by any agency, commission or department thereof, or by any county, municipality or school district in the state."

101. This trust is created in the hands of the person receiving such monies "pursuant to the provisions of any contract for any public improvement made between any such person and the state of New Jersey or by any agency, commission or department thereof, or by any county, municipality or school district in the state," as contractor, for the benefit of the workmen who provided labor on the Projects, "until all claims for labor, materials and other charges incurred in connection with the performance of such [ government contracts] shall have been fully paid."

102. Upon information and belief, the Defendants received monies for work and services provided pursuant to the government or utility company contracts.

103. As previously alleged, the Defendants have failed to pay Plaintiffs the prevailing rate of wages for work already performed on the Public Works Projects.

**COUNT V**
**RECOVERY AGAINST DEFENDANT**
**PURSUANT TO DEFENDANT'S BREACH OF FIDUICARY DUTY**

104. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 103 hereof.

105. New Jersey law imposes a trust on all monies paid to contractors for the benefit of workers and materialmen who provide labor and materials on construction projects.

106. Consequently, the Defendants, individually and jointly, have a fiduciary responsibility to Plaintiffs to ensure the payment of prevailing wages to the Plaintiffs.

107. On information and belief, the Defendants have diverted the monies received from the State of New Jersey, the public utility, or other government entity and allocated such funds for improper purposes or purposes other than the payment of wages due the Plaintiffs.

108. By reason of these willful violations, the Defendants are individually and jointly liable to Plaintiffs for an amount to be determined at trial, plus costs, fees and interest.

**COUNT VI**
**RECOVERY OF DAMAGES FOR DEFENDANTS'**
**VIOLATION OF NEW JERSEY'S PAID SICK**
**LEAVE STATUTE SICK LEAVE**

109. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs above.

110. Plaintiff was not provided sick leave.

111. Defendants did not have a policy by which Plaintiff earned sick leave.

112. As a result of not earning sick leave, Plaintiff suffered damages. Plaintiff seeks actual damages, as well as liquidated damages.

**JURY TRIAL**

113. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs EDWIN IZAGUIRRE and JUAN MORALES demand judgment, against Defendants SEACOAST CONSTRUCTION, INC., SHORELINE CONTRACTORS, INC., and/or any other entities affiliated with, controlling, or controlled by SEACOAST CONSTRUCTION, INC., SHORELINE CONTRACTORS, INC., and LICINIO PEDREIRO, BRIAN PEDREIRO and ISABEL PEDREIRO aka MARIA PEDREIRO Individually, for the payment of compensation for all wages due them for the time worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: December 16, 2020                    Respectfully submitted,

                                             s/ Andrew I. Glenn
                                            Andrew I. Glenn, Esquire
                                            E-mail: Aglenn@JaffeGlenn.com
                                            Jodi J. Jaffe, Esquire
                                            E-mail: Jjaffe@JaffeGlenn.com
                                            **JAFFE GLENN LAW GROUP, P.A.**
                                            33 State Road, Suite A-1
                                            Princeton, New Jersey 08540
                                            Telephone: (201) 687-9977
                                            Facsimile: (201) 595-0308
                                            *Attorneys for Plaintiffs*