**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **EDWIN IZAGUIRRE and JUAN MORALES,**<br><br>　　Plaintiffs,<br><br>v.<br><br>**SEACOAST CONSTRUCTION, INC., et al.,**<br><br>　　Defendants. | **Civil Case No.: 3:20-cv-19653** |

**ORDER GRANTING THE PARTIES' JOINT MOTION FOR PRELIMINARY APPROVAL OF THE PROPOSED CLASS ACTION SETTLEMENT, APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT, AND PROPOSAL TO IMPLEMENT THE CLASS ACTION SETTLEMENT PROCEDURE**

The above-entitled matter came before the Court on the parties' application for Preliminary Approval of Proposed Class and Collection Action Settlement, and Approval of Plaintiffs' Proposed Notice of Class and Collective Action Settlement ("Notice"), and Class Action Settlement Procedure ("Motion for Preliminary Approval"). Upon consideration of the Motion for Preliminary Approval, and the memorandum in support thereto:

IT IS ORDERED, as set forth below, that the Court: (1) grants preliminary approval of the settlement, (2) certifies the Class for purposes of settlement only as set forth in the Settlement Agreement, (3) approves distribution of the proposed Notice, and (4) implements the schedule proposed by the parties for effectuating the other terms of the Settlement Agreement. Pursuant to 29 U.S.C. § 216(b), the Court previously conditionally certified an FLSA Collective of all individuals who worked for Defendants as Construction Workers during the time period from December 17, 2018 and September 13, 2021 ("Collective Class"). The Court hereby certifies the FLSA collective for settlement purposes.

1.Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court certifies a settlement class consisting of all individuals that are part of the Collective Class who worked for Defendants as Construction Workers at any time between December 17, 2014 and January 1, 2021.

2.The Court finds, for settlement purposes only, that the requirements of Rule 23(a) and Rule 23(b)(3) are satisfied, except for the manageability requirement of Rule 23(b)(2), which the Court need not address for purposes of settlement.

3.This Order, which preliminarily certifies a class action for settlement purposes only, shall not be cited in this or any matter for the purpose of seeking class or collective certification, opposing decertification, or for any other purpose, other than enforcing the terms of the Settlement.

4.The Court appoints, for settlement purposes only, Juan Morales and Edwin Izaguirre as Class Representatives.

5.The Court appoints, for settlement purposes only, Jaffe Glenn Law Group, P.A as Class Counsel.

6.The Court grants preliminary approval of the settlement memorialized in the Settlement Agreement, attached the parties' Motion for Preliminary Approval. The Court finds on a preliminary basis that the Settlement is fair, reasonable, and adequate, and is likely to obtain final approval following notice to the class members. Specifically, based on the Motion for Preliminary Approval, the Court finds that this case involved a bona fide dispute over wages. The Court finds that preliminary approval is warranted because the Class Representatives and Class Counsel have adequately represented the class, and the proposed settlement was negotiated at arms-length. The Court further finds that the relief provided is fair and reasonable, taking into account the costs, risks, and delay of trial and appeal, and was reached after the parties conducted extensive discovery. The Court also finds that the proposed method of distribution supports preliminary

approval, because it takes into account the allegations in the Complaint, and because the proposed attorneys' fees, costs, and service payments are likely to be found adequate. The Court finds that the Settlement Agreement, provided to the Court for review, treats class members equitably relative to each other.

7. The Court approves the Notice, attached to the parties' Motion for Preliminary Approval. The Court finds that content of the Notice fully complies with due process and Rule 23 of the Federal Rules of Civil Procedure, and that the notice adequately puts class members on notice of the proposed Settlement.

8. The parties propose to disseminate the Notice by first-class mail to Class Members' last known addresses, with a postage-paid pre-addressed return envelope. The Court finds that this method of disseminating the Notice, as provided in the Settlement Agreement, is the best notice practicable under the circumstances and fully meets the requirements of federal law.

9. The Court hereby sets the following settlement procedure:

| | |
|---|---|
| October 11, 2022 | **Fourteen (14) calendar days after the Preliminary Approval Date:**<br><br>Defendants' Counsel will provide the Claims Administrator and Class Counsel with the Class Member mailing list in electronic form containing the following information: name and last known addresses. |
| October 11, 2022 | **Fourteen (14) calendar days after the Preliminary Approval Date:**<br><br>Mailing of Class Notice. |

| | |
|---|---|
| December 12, 2022 | **Sixty (60) calendar days after the Notice Package Mailing Date:**<br><br>Last day for Class Members to "opt out" of the Settlement or to submit written objections to the Settlement. |

| January 4, 2023 at 10:00am __.m. | Final Approval Hearing. |
|---|---|
| January 18, 2023 | **Fourteen (14) calendar days after the Final Approval Date**:<br><br>Last day for parties to reconcile final distribution of all payments to Participating Class Members, as well as all professional costs and fees, class administration fees, service awards and withholding taxes. |
| November 10, 2022 | **Thirty (30) calendar days after the original mailing Date:**<br><br>A reminder Notice of the litigation and the right to join, in the form of a postcard, shall be mailed in both English and Spanish |

| December 12, 2022 | **Sixty (60) calendar days after the original mailing Date:**<br><br>A Class Member may op-out of this settlement. |
|---|---|

10. The Court finds, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order.

**ENTER:**

It is so ORDERED this  27th  day of September 2022.

_____
Honorable Douglas Arpert

--terminates ECF No. 29

6